

1994 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-18-1994

# Com. of PA, Dept. of Env.'l Resources v. Conroy et al.

Precedential or Non-Precedential:

Docket 93-3284

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1994

## Recommended Citation

"Com. of PA, Dept. of Env.'l Resources v. Conroy et al." (1994). *1994 Decisions*. Paper 22.
http://digitalcommons.law.villanova.edu/thirdcircuit_1994/22

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 1994 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
——————————

No. 93-3284
——————————

COMMONWEALTH OF PENNSYLVANIA,
DEPARTMENT OF ENVIRONMENTAL RESOURCES

v.

FRANK D. CONROY;
ROSEMARY P. CONROY;
OFFICE OF THE U.S. TRUSTEE
(D.C. Civil No. 93-10)

FRANK D. CONROY;
ROSEMARY P. CONROY

v.

COMMONWEALTH OF PENNSYLVANIA,
DEPARTMENT OF ENVIRONMENTAL RESOURCES

STEPHEN I. GOLDRING,
Trustee
(D.C. Civil No. 93-11)

FRANK D. CONROY and ROSEMARY P. CONROY,
Appellants
——————————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Civil Nos. 93-00010 and 93-00011)
——————————————

Submitted Under Third Circuit LAR 34.1(a)
January 10, 1994
Before:  STAPLETON, COWEN, and ALITO, Circuit Judges

(Opinion Filed:  May 19, 1994)
——————————————

OPINION OF THE COURT
——————————————

EDWARD S. STOKAN
Assistant Counsel

1

KENNETH T. BOWMAN
Assistant Counsel
Commonwealth of Pennsylvania
Department of Environmental Resources
400 Waterfront Drive
Pittsburgh, PA 15222-4745

Attorneys for Appellee

REED J. DAVIS, ESQ.
Davis & Riley
1124 Frick Building
Pittsburgh, PA 15219

Attorneys for Appellants

ALITO, Circuit Judge:

Frank Conroy operated and, through another corporation, owned a printing company. After the company ceased doing business, drums and canisters of hazardous waste were found on the premises. The Commonwealth of Pennsylvania Department of Environmental Resources (DER) ordered Conroy to arrange for proper disposal of the waste, but he failed to comply with this order. Instead, he and his wife, Rosemary Conroy, filed a chapter 11 bankruptcy petition. Concerned that Conroy's failure to remove the hazardous waste was endangering public health and safety and the environment, the DER decided to initiate an "interim response" under Pa. Stat. Ann., tit. 35, § 6020.505(b), and the DER obtained a court order giving it access to the printing company's premises. Through a private contractor, the DER cleaned up this facility and then filed an administrative expense claim with the bankruptcy court under 11 U.S.C. §503(b)(1)(A), seeking to recover the costs it had incurred. The bankruptcy court awarded the DER $103,293.00 -- the amount it had

2

paid to the contractor -- but the bankruptcy court denied the DER's request for an additional 10% to cover administrative and legal expenses. On appeal, the district court held that the DER was entitled to the entire amount it sought. We affirm.

The Pennsylvania Hazardous Sites Cleanup Act prohibits the "release" of a hazardous substance and imposes liability and penalties on those responsible. See Pa. Stat. Ann., tit. 35, §§6020.507(a), 6020.1101, 6020.1104. Abandonment of a hazardous substance constitutes a "release." Pa. Stat. Ann., tit. 35, §6020.103. Therefore, Pennsylvania law effectively prohibited the Conroys from abandoning the hazardous wastes located on the printing facility premises.

Since the bankruptcy laws were revised in 1978, debtors have argued that state laws prohibiting the abandonment of hazardous substances are preempted by the literal language of Section 554 of the Bankruptcy Code, 11 U.S.C. § 554. However, in Midlantic National Bank v. New Jersey Department of Environmental Protection, 474 U.S. 494 (1986), the Supreme Court held that Section 554 does not preempt a state law that, in a reasonable effort to promote public health or safety, prohibits the abandonment of property containing hazardous wastes. It appears, therefore, that if the DER had not itself undertaken to clean up the printing company facility, the Conroys could not have escaped their obligation to do so by abandoning the hazardous property in question. Furthermore, if Frank Conroy had arranged for cleanup of the facility after he had filed a chapter 11 petition, the costs of this cleanup would have constituted administrative

3

expenses under 11 U.S.C. § 503(b)(1)(A), since they are a portion of "the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case."

Here, the DER, rather than Conroy, arranged and paid for cleanup of the printing facility.  Under similar circumstances, the Second and Sixth Circuits have held that response costs incurred by environmental agencies should be classified as administrative expenses.  In re Chateaugay Corp., 944 F.2d 997, 1009-10 (2d Cir. 1991); In re Wall Tube & Metal Products, Co., 831 F.2d 118, 123-24 (6th Cir. 1987).  These courts have reasoned that since the estate could not avoid such costs through abandonment, the "expenses to remove the threat posed by such substances are necessary to preserve the estate." Chateaugay, 944 F.2d at 1010.  We agree with these decisions, cf. In re Torwico Electronics, Inc., 8 F.3d 146, 149-50 (3d Cir. 1993) (discussing Chateaugay approvingly), and we therefore hold that the costs incurred by the DER in contracting for cleanup of the printing facility were properly classified as administrative expenses.

Contrary to the Conroys' argument, this court's decision in Southern Railway Co. v. Johnson Bronze Co., 758 F.2d 137 (3d Cir. 1985), does not dictate a different result.  We read the portion of that decision that is most closely related to the present case to mean that a state administrative order requiring cleanup of hazardous wastes may not be afforded priority over unsecured claims pursuant to 11 U.S.C. § 105(a), which provides

4

that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  Southern Railway said nothing about whether a bankruptcy court may grant administrative expense priority to the costs that an environmental agency incurs in cleaning up a hazardous waste site that could not be abandoned under state law.[1]

[1]Several courts and commentators have read Southern Railway as declaring that Ohio v. Kovacs, 469 U.S. 274 (1985), resolved the question whether such costs are administrative expenses entitled to priority reimbursement.  See, e.g., In re Hemingway Transp., Inc., 73 B.R. 494, 502 (Bankr. D. Mass. 1987), aff'd, 126 B.R. 656 (D. Mass. 1991), aff'd in part and vacated in part, 993 F.2d 915 (1st Cir. 1993), cert. denied, 114 S. Ct. 303 (1993); In re Pierce Coal & Constr., Inc., 65 B.R. 521, 529 (Bankr. N.D. W.Va. 1986); In re Virginia Builders, Inc., 153 B.R. 729, 734 n.10 (Bankr. E.D. Va. 1993); In re Kent Holland Die Casting & Plating, Inc., 125 B.R. 493, 500 (Bankr. W.D. Mich. 1991).  See also Daniel Klerman, Earth First? CERCLA Reimbursement Claims and Bankruptcy, 58 U. Chi. L. Rev. 795, 803 & n.56 (1991).  Even if this reading of Southern Railway is plausible, we believe that it would be unwise to adopt such a reading in light of the Supreme Court's subsequent opinion in Midlantic.  Midlantic, we think, indicates that the Supreme Court does not view Kovacs as having resolved the reimbursement priority issue.  See Midlantic, 474 U.S. at 498 n.2 (noting that whether a state's cleanup costs are administrative expenses is "not before us").  Cf. Virginia Builders, 153 B.R. at 734 n.10 (stating that in light of Supreme Court's Midlantic decision, Southern Railway "is questionable precedent").

Contrary to the Conroys' suggestion, the Ninth Circuit's decision in In re Dant & Russell, Inc., 853 F.2d 700 (1988), is also distinguishable.  That case held that a lessor who has a bankruptcy claim against a lessee for the costs of cleaning up hazardous wastes deposited by the lessee on the leased property is not entitled to administrative expense priority.  However, the Dant & Russell court was careful to state that

> [q]uite a different result [] is warranted when the cleanup costs result from monies expended for the preservation of the bankruptcy estate.  See, e.g., Lancaster v. Tennessee (In re Wall Tube & Metal Prod.

5

The Conroys have argued that the amount paid by the DER to the cleanup contractor was excessive. Both the bankruptcy court and the district court held to the contrary, and after reviewing the record, we likewise conclude that the Conroys' argument lacks merit.

We also hold that the district court was correct in awarding the DER $10,329.30 to compensate for the costs it incurred in obtaining authorization for the cleanup and in coordinating and monitoring the contractor's work. The Conroys contend that this award was actually a "surcharge," rather than compensation for "actual" and "necessary" expenses, and that in any event the DER did not adequately substantiate these expenses. We disagree.

First, we see no reason why the administrative and legal costs incurred by the DER in arranging for the cleanup cannot qualify as administrative expenses under 11 U.S.C. §503(b)(1)(A). Such costs may constitute "actual, necessary costs and expenses of preserving the estate." Id. Second, we think that the amount of the award in this case -- 10% of the

> Co., 831 F.2d 118, 124 (6th Cir. 1987)) (state entitled to administrative expense priority for its response costs from the debtor's estate under CERCLA); . . . In re Distrigas Corp., 66 B.R. 382, 386 (Bankr. D. Mass. 1986) (to the extent that the state expended funds to cleanup debtor's contaminated property (whose property absent cleanup had little or no value), it would be entitled to a first priority administrative expense claim); . . . In re Stevens, 68 B.R. 774, 783 (D. Maine 1987) (state entitled to administrative expense priority for costs it incurred in removing waste from property of the estate).

853 F.2d at 709.

6

amount paid to the contractor -- was sufficiently substantiated.
In enacting Pa. Stat. Ann., tit. 35, § 6020.507(b),[2] the
Pennsylvania legislature apparently concluded that the DER's
"administrative and legal costs" will generally amount to "10% of
the amount paid for the response action or the actual costs,
whichever is greater."  This implicit legislative finding is
reasonable, and we believe that it is sufficient to satisfy the
DER's burden of proving its entitlement to these administrative
expenses.  While the Conroys and other interested parties could
certainly have attempted to show that the 10% figure was
excessive in this case, the Conroys have not directed our
attention to any such evidence.  Moreover, there is evidence in
the record that tends to substantiate the reasonableness of the
amount awarded.[3]

---

[2]This provision reads as follows:

> **(b) Amount.**--In an action to recover response costs and
> natural resource damages, the department shall include
> administrative and legal costs incurred from its
> initial investigation up to the time that it recovers
> its costs.  The amount attributable to administrative
> and legal costs shall be 10% of the amount paid for the
> response action or the actual costs, whichever is
> greater.

[3]The Conroys also contend that the DER failed to substantiate its
claim in the manner required by a Rule 9016.1 of the Local Rules
of the United States Bankruptcy Court for the Western District of
Pennsylvania.  This rule imposes general requirements on parties
submitting administrative claims.  We do not interpret it to mean
that the DER may not satisfy its burden of proof under the
particular circumstances present here by relying on the
legislative finding implicit in Pa. Stat. Ann., tit. 35,
§6020.507(b).  Therefore, we need not consider whether the
bankruptcy court, in promulgating local rules of practice, could
resolve a legal question of this nature.

7

For these reasons, we conclude that the district court properly held that the DER is entitled to $113,622.30 in administrative expenses, and we therefore affirm the order of the district court.